UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLEN THOMPKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1870** |
| **WARDEN SHERMAN FORD** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Factual and Procedural Background

The petitioner, Glen Thompkins ("Thompkins") is a convicted inmate incarcerated in the Catahoula Correctional Center in Harrisonburg, Louisiana.[2] On November 4, 2016, Thompkins was charged in a Habitual Offender Bill of Information in Lafourche Parish Case No. 558909 charging him with six prior felonies in connection with his conviction under Case No. 537348 on one count of obscenity.[3]

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 6.

[3] St. Rec. Vol. 1 of 1, Habitual Offender Bill of Information, 11/4/16; Trial Transcript, pp. 4-5, 8/11/17.

The matter was heard before a judge without a jury on August 11, 2017, and the Court adjudicated him as a fourth or more felony offender.[4] The Court then vacated the three year sentence previously imposed in Case No. 537348 and sentenced Thompkins to serve 45 years in prison at hard labor as a multiple offender.[5]

On October 13, 2017, the Court denied Thompkins motion to reconsider the sentence.[6] The Court has confirmed that Thompkins, with appointed counsel, has filed an appeal from this multiple offender proceeding and sentence.[7] Thompkins's conviction and sentence are not yet final under state or federal law.

In the meantime, on October 25, 2017, Thompkins signed and submitted an application for post-conviction relief in the state trial court asserting challenges in connection with the underlying felony case, Case No. 537348, arguing that:[8] (1) the conviction was obtained in violation of the double jeopardy prohibition; (2) the conviction was obtained by the use of a coerced confession; (3) he received ineffective assistance of counsel when his attorney did not present the prison disciplinary action at trial; (4) the conviction was obtained with false testimony; (5) the conviction was obtained in violation of the constitution because the accuser was sitting in the courtroom during the trial; (6) the grand and petit jury were unconstitutionally empaneled; and (7) the

---

[4] St. Rec. Vol. 1 of 1, Trial Transcript, p. 70, 8/11/17.

[5] *Id*., at pp. 72-73.

[6] St. Rec. Vol. 1 of 1, Hearing Transcript, 10/13/17; Motion for Reconsideration of Sentence, 8/29/17; *see also*, Motion to Reconsider Sentence (pro se), dated 9/26/17; Petition for Writ of Habeas Corpus, dated 10/5/17; Trial Court Order, 10/17/17.

[7] On June 26, 2018, a member of the Court's staff confirmed with the clerk of the Louisiana First Circuit that Thompkins has a pending direct appeal from this disposition under 2018-KA-0397.

[8] St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 11/3/47 (dated 10/25/17).

2

evidence was not sufficient to support the verdict. On December 12, 2017, the Trial Court denied the application as premature because of the pending direct appeal.[9]

Thereafter, on January 8, 2018, Thompkins submitted another motion for the Trial Court to reconsider the sentence asserting that the multiple offender proceedings were untimely.[10] The Trial Court set the matter for hearing, however its ruling, if any, is not included in the record provided to this Court.[11]

## II. Federal Habeas Petition

On February 21, 2018, the clerk of this Court filed Thompkins's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[12] (1) the conviction was obtained in violation of the state and federal constitutions where he was adjudicated and sentenced as a multiple offender after the release date on the underlying criminal conviction; (2) the sentence imposed is excessive; and (3) he received ineffective assistance of counsel at trial where his counsel could have presented a better defense.

The State filed an answer and memorandum in opposition to Thompkins petition asserting that Thompkins failed to exhaust state court review of his claims.

## III. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[13] applies to this petition, which is deemed filed in this Court under the federal

---

[9]St. Rec. Vol. 1 of 1, Trial Court Order, 12/12/17.

[10]St. Rec. Vol. 1 of 1, Motion to Reconsider Sentence 1/16/18 (dated 1/8/18).

[11]St. Rec. Vol. 1 of 1, Trial Court Order, 1/25/18.

[12]Rec. Doc. No. 1.

[13]A member of the Court's staff contacted the clerk of the Louisiana First Circuit and confirmed that Thompkins has made no other filings in that Court related to this conviction. As noted previously, he also has not

mailbox rule on February 8, 2018.[14]  The threshold questions on habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default."  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Thompkins has failed to exhaust state court review of his claims.  For this reason, Thompkins's federal habeas petition should be dismissed without prejudice for his failure to exhaust state court review.

## IV.     **Exhaustion Doctrine**

Thompkins has not given the Louisiana courts the opportunity to address his claims before filing his federal petition.  "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief."  *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419.  "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims."  *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

---

presented any claims to the Louisiana Supreme Court.  *See* fn. 11, *supra*.

[14]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Thompkins's petition on February 21, 2018, when it was received.  Thompkins dated his signature on the petition February 8, 2018, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id.* (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Thompkins must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner. Thompkins simply has not done so. The record does not reflect that Thompkins has asserted any of his claims to the state trial court. Furthermore, as confirmed by this Court, he has a direct appeal currently pending in the Louisiana First Circuit. In addition, he has had no pleadings filed in the Louisiana Supreme Court since his conviction in this case.

Thompkins, therefore, has not allowed the state courts the opportunity to review his substantive claims. The record discloses no good cause for Thompkins's failure to exhaust review of his claims, and there is none apparent from the record. He simply has not given the state courts an opportunity to review his claims.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to allow Thompkins to exhaust state court review of his claims.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Glen Thompkins's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[15]

New Orleans, Louisiana, this 28th day of June, 2018.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[15]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.